SAMUEL SCHWARTZ, PLAINTIFF-APPELLANT, v. H. H. MONDON, INCORPORATED, AND THE BANKERS AND SHIPPERS INSURANCE COMPANY, DEFENDANTS-APPELLEES.

Submitted May 13, 1927—Decided August 26, 1927.

Insurance—Automobile Theft—Admission of Rules of Underwriter's Association Denied—Held, Not Harmful Error—Car was Locked and There is No Evidence to Show What Kind of Locking Device was Required—Judgment for Insured Affirmed.

On appeal from the Passaic District Court.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Joseph J. Weinberger*.

For the appellees, *Edward F. Merrey*.

PER CURIAM.

This is an action seeking recovery under an automobile theft policy which was issued August 26th, 1924, and expired August 26th, 1925. It was contended that the car was stolen August 2d, 1925. It was found the next morning within a few blocks of the place from which it was said to have been stolen. Suit was brought to recover $492. A nonsuit was granted as to H. H. Mondon, Incorporated, toward which action there is no objection raised. The trial judge, sitting without a jury, found for the other defendant and against the plaintiff. From this judgment the plaintiff below appeals.

The first ground for reversal is that the trial court erred in permitting the introduction in evidence of article 7 of a book of the rules of the Underwriters' Association. The complaint is that the authenticity of this book was not established and that it was effective from a date which was subsequent to the date when the policy in question was issued.

All that this exhibit established was how an approved locking device is marked or labeled, and that such a device upon a Studebaker car (which the car in question was) is on the transmission. This was entirely immaterial for any purpose in the case. There was no controversy over the question as to whether or not the lock on the car in question was one approved by the Underwriter's Laboratories, Incorporated. There was testimony aside from this exhibit—unchallenged—that the locking device on the car in question was on the transmission. Plaintiff below admitted that upon this car there was a transmission lock, an ignition lock and door locks, and that he locked the ignition only when he left his car parked in the public street at the place from which it was said to have been stolen. Any error in the admission of this exhibit was therefore harmless.

The remaining ground for reversal is that the trial court erred in giving judgment for the defendant below because the locking provision or rider in the policy is merely in the nature of a promissory warranty, that the car was locked and there was no evidence to show what kind of locking device was required.

The requirement of such a warranty has been passed upon by the Court of Errors and Appeals, adversely to the contention of appellant, in *Billet* v. *Pennsylvania Fire Insurance Co.,* 101 *N. J. L.* 546.

There was evidence supporting the court's finding.

The judgment will therefore be affirmed, with costs.